Augustus T. Curtis, Esq. (Bar No. 993228)
Leah C. Freedman, Esq. (Fed Bar. MD 21221)
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
(240) 507-1723
augie.curtis@offitkurman.com
leah.freedman@offitkurman.com
*Proposed Counsel for Debtors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| WANAMAKER GROUP, LLC | : | Case No. 26-00376-ELG |
| KCG MD, LLC | : | Case No. 26-00377-ELG |
| KCG VA, LLC, | : | Case No. 26-00378-ELG |
| KARMA HOME DESIGNS, LLC | : | Case No. 26-00379-ELG |
| | : | |
| Debtors. | : | CHAPTER 11 (Subchapter V) |
| | : | Joint Administration Pending[1] |

---

**MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363 AND (III) SCHEDULING A FINAL HEARING**

**[A MOTION TO SHORTEN TIME HAS BEEN FILED]**

Wanamaker Group, LLC ("Wanamaker"), Karma Home Designs, LLC ("Karma"), KCG MD, LLC ("KCG MD"), and KCG VA, LLC ("KCG VA," and, together with Wanamaker, Karma and KCG MD, the "Debtors"), hereby file this motion (the "**Motion**") seeking entry of an interim order, substantially in the form attached hereto as Exhibit "A" (the "**Interim Order**") followed by a final order, authorizing, among other relief, the use of Cash Collateral (as defined below) on an interim and then final basis. In support of the Motion, the Debtor respectfully represents as follows:

---

[1] Contemporaneously with this Motion, the Debtors (defined below) have filed a motion requesting the captioned cases be jointly administered by the Court.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This Court can hear and determine this matter in accordance with 28 U.S.C. § 157 and the standing order of reference of bankruptcy cases and proceedings in this District. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtor consents to the entry of a final order by the Court in connection with the Motion.

2.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory and legal predicates for the relief requested herein are §§ 105(a), 361, 362, 363, and 364 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 4001(b), 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

4.    On July 22, 2026 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Columbia (the "**Court**"). The Debtors have requested the cases be jointly administered and have elected to proceed under Subchapter V of Chapter 11 the Bankruptcy Code.

5.    The Debtors are operating their business and managing their property as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No Subchapter V Trustee has yet been appointed in these cases. No request for the appointment of an examiner or to remove the Debtors from possession of the estates' property has been made in the bankruptcy cases, and no committee has been appointed or designated.

6.      The Debtors operate a home construction and renovation business in the District of Columbia, Maryland and Virginia. The entities are operated from Wanamaker's principal place of business, which is located at 4005 Anacostia Ave NE Washington, DC 20019.

7.      Debtor KCG MD is a party with Headway Capital, LLC ("**Headway**") to a prepetition Business Line of Credit and Security Agreement (the "**Headway Loan Agreement**") executed on or about October 31, 2024.  On information and belief, Headway recorded a UCC-1 Financing Statement (as amended or supplemented, the "**Financing Statement**," and together with the Headway Loan Agreement and any other related documents, the "**Prepetition Loan Documents**") in the Maryland State Department of Assessments and Taxation, describing a security interest in Debtor's KCG MD's ". . . tangible and intangible personal property, including, but not limited to, (a) cash and cash equivalents. . .".[2]

8.      On the Petition Date, the Debtors believe that the balance of principal and interest due to Headway under the Headway Loan Agreement was approximately $112,290.00.

### RELIEF REQUESTED

9.      To the extent that any of the Debtor's cash is cash collateral as such term is defined in Bankruptcy Code § 363(a) (the "**Cash Collateral**"), Debtor KCG MD requires authority to use such Cash Collateral in order to continue operations and maintain the business as a going concern. If Debtor KCG MD is not able to use any such Cash Collateral, its business will cease almost immediately, to the severe detriment of all of the Debtors' estates and the interests of all creditors. Accordingly, the Debtors have an immediate need to use the Cash Collateral and will be irreparably harmed if it is prevented from such use.

---

[2]  Notwithstanding the Debtor's reference to the Headway Loan Documents, the Debtor does not concede that the Headway has a valid, perfected security interest in the Debtor's cash.

10.     Bankruptcy Code § 363(c) provides that a debtor-in-possession may use cash collateral if all interested entities consent or the Court, after a notice and a hearing, authorizes such use. Moreover, § 363(e) of the Bankruptcy Code requires that the use of cash collateral be prohibited or conditioned as is necessary to provide adequate protection to persons that have an interest in cash collateral. *See, e.g., In re Xinde Int'l*, 13 B.R. 212 (Bankr. D. Mass. 1981); *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 376 (Bankr. E.D. Pa. 1987); *Tex. Comptroller of Pub. Accounts v. Zars (In re Zars)*, 434 B.R. 421, 431 (W.D. Tex. 2010) (same). Jointly, these provisions authorize a debtor-in-possession to use a secured creditor's cash collateral if the relevant creditors consent or their collateral is adequately protected. The burden to demonstrate that the cash constitutes cash collateral belongs to the party claiming an interest in that cash. It is not the Debtors' burden to prove to the contrary. *See* 11 U.S.C. § 363(o)(2).

11.     While the term "adequate protection" is used in the Bankruptcy Code, no specific definition is provided. Instead, Bankruptcy Code § 361 provides a non-exclusive list of what may constitute adequate protection: (1) periodic cash payments equal to the reduction of the creditor's interest in the property; (2) an additional or replacement lien on other unencumbered property of the debtor; or (3) other relief that will provide the indubitable equivalent of the creditor's interest in the property. *See United Sav. Ass'n of Tex. V. Timbers of Inwood Forest Assocs., Ltd.*, 793 F.2d 1380, 1388 (5th Cir. 1986).

12.     Pursuant to Bankruptcy Rule 4001(b), courts may authorize a debtor's use of cash collateral on an interim basis if doing so would "avoid immediate and irreparable hardship to the estate pending a final hearing." Fed. R. Bankr. P. 4001(b). Here, the Debtors require immediate access to the Cash Collateral for the reasons set forth herein and to avoid such immediate and irreparable hardship to the Debtor's estate.

13.     Here, Debtor KCG MD is proposing to use the Cash Collateral in accordance with the terms of a budget (as may be amended and supplemented in accordance with the procedures set forth in an order of this Court, the "**Budget**"), attached as Exhibit "A" thereto.[3] The Budget sets forth in detail the sources and uses of the Cash Collateral necessary to maintain the Debtor's business for the initial period of the Bankruptcy Case.

14.     As shown on the Budget, the essential expenses for which Debtor KCG MD proposes to use Cash Collateral consist of wages to its employees, operating expenses, including taxes and insurance, and payments to trade vendors and utility providers. The Debtor also requests that it be authorized: (i) to exceed any line item on the Budget by an amount equal to fifteen percent (15%) of each such line item; or (ii) to exceed any line item by more than fifteen percent (15%) so long as the total of all amounts in excess of all line items for the Budget do not exceed fifteen percent (15%) in the aggregate of the total Budget.

15.     The Debtors anticipate that, if KCG MD is authorized to use Cash Collateral, it will be able to operate on a positive cash flow basis during the initial period of the Bankruptcy Cases.

16.     The Debtors acknowledge that secured parties, to the extent such parties have valid and enforceable liens on the Cash Collateral are entitled to adequate protection of such interests. To that end, the Debtors hereby propose as "**Adequate Protection**" to Headway a replacement lien (the "**Replacement Lien**"), pursuant to Bankruptcy Code § 361(2) on all cash Debtor KCG MD acquires or generates after the Petition Date, but solely to the extent the Cash Collateral is used. The Replacement Lien shall be to the same extent and priority as existed prior to the Petition Date, and subject to determination by the Court as to whether, pursuant to applicable law, any such creditor holds a fully perfected, valid, and enforceable pre-petition lien on cash. The Replacement

---

[3] The Debtors are finalizing the budget to be supplied as Exhibit "A" to the proposed Interim Order and will supplement this Motion with such budget as soon as possible.

Lien will not attach to Bankruptcy Code Chapter 5 causes of action or the proceeds of the recovery upon such actions, and, except for post-petition cash generated from operations, will not attach to any unencumbered property of Debtor KCG MD (or the other Debtors), if any, or to the proceeds from any sale of unencumbered property.

17.     The Debtors reserve the right to seek a provision in any Cash Collateral Order providing a carve-out for approved estate professionals including, without limitation, Debtors' counsel and the Subchapter V trustee.

18.     The Debtors believe that the terms of the proposed Interim Order are fair and reasonable under the circumstances. The Debtors assert that the aggregate value of any secured creditor's cash collateral will not diminish as a result of the use of cash in this case.

19.     Given that the interests of any creditor with an interest in the Cash Collateral will be adequately protected, it is in the best interest of the Debtors, their estates, and all creditors for Debtor KCG MD to be authorized to use Cash Collateral. The Debtors therefore requests use of the Cash Collateral, on an interim and then on final basis, in accordance with the proposed Budget, to permit Debtor KCG MD to continue operations, preserve its business, and progress toward a confirmed Subchapter V plan of reorganization.

**WHEREFORE**, the Debtors respectfully request that this Court enter the Interim Order (a) authorizing the use of Cash Collateral in accordance with the Budget; (b) granting Replacement Liens in accordance with the terms set forth herein; (c) scheduling a second interim hearing on the Motion at such time as the Court determines to be just and proper prior to the expiration of the Budget approved on an interim basis; and (d) grant such other and further relief as is just and proper.

Respectfully submitted,

*/s/ Augustus T. Curtis*                           .
Augustus T. Curtis, Esq. (Bar No. 993228)
Leah C. Freedman, Esq. (Fed Bar. MD 21221)
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
Tel.: (240) 507-1756
Email: augie.curtis@offitkurman.com
leah.freedman@offitkurman.com

*Proposed Counsel for Debtors*

4920-8601-3888, v. 2

-7-