**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| WANAMAKER GROUP, LLC | : | Case No. 26-00376-ELG |
| KCG MD, LLC | : | Case No. 26-00377-ELG |
| KCG VA, LLC, | : | Case No. 26-00378-ELG |
| KARMA HOME DESIGNS, LLC | : | Case No. 26-00379-ELG |
| | : | |
| Debtors. | : | CHAPTER 11 (Subchapter V) |
| | : | Jointly Administered under |
| | : | Case No. 26-00376-ELG |

---

**MOTION OF CREDITORS KIMBERLY LIN AND CHI MING PUN FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)–(f) TO PERMIT THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA TO PROCEED WITH AND <u>CONCLUDE THE PENDING CONTEMPT AND SHOW-CAUSE PROCEEDING</u>**

**JURISDICTION AND STATUTORY BASIS**

This Motion is filed pursuant to 11 U.S.C. § 362(d)–(f) and 28 U.S.C. §§ 1334 and 157, which give this Court jurisdiction to grant relief from the automatic stay for cause and/or to prevent irreparable damage to the interest of a secured creditor in property of the Debtors.

**CONCISE STATEMENT OF RELIEF REQUESTED**

Pursuant to Fed. R. Bankr. P. 4001(a)(1)(B), movants Kimberly Lin and Chi Ming Pun ("Movants") state: Movants ask the Court to modify the automatic stay, under 11 U.S.C. § 362(d)– (f), to permit the Superior Court of the District of Columbia to proceed with, and conclude, the contempt and show-cause proceeding now pending in *Lin, et al. v. Karma Construction Group,*

Thomas A. Mauro, Esq., D.C. Bar No. 184515 | Mauro Law Offices, P.C. | 700 Pennsylvania Avenue, S.E., Suite 200, Washington, D.C. 20003 | (202) 452-9865 | tmauro@tmaurolaw.com | Counsel for Kimberly Lin and Chi Ming Pun

*LLC, et al.*, No. 2018 CA 008454 B — including entry of the ruling on Movants' Motion for Writ of Execution, Turnover Order, Order to Show Cause, and Accounting, and any further hearing, findings, and order on the show-cause and contempt issues already noticed in that proceeding. Movants do not seek relief to execute, garnish, or otherwise collect against property of the Debtors' estates; any such enforcement would remain subject to further order of this Court. This Motion is filed concurrently with, and is intertwined with, Movants' Objection to the Debtors' Cash Collateral Motion [Doc. No. 6]; each cites and relies on facts developed in the other, and Movants ask that the two be considered together.

## BACKGROUND

1. Movants hold a 2020 judgment against Debtor Karma Home Designs, LLC, later extended to Debtor Wanamaker Group, LLC, entered in *Lin, et al. v. Karma Construction Group, LLC, et al.*, No. 2018 CA 008454 B (D.C. Super. Ct.) (the "Superior Court Action"), in the amount of $283,716.53 plus $71,120.66 in fees. The Debtors' First Day pleadings admit these facts. Doc. No. 7 ¶9; Doc. No. 8 ¶7.

2. On October 24, 2025, the Superior Court entered an order attaching all receivables generated by the Debtors' District of Columbia operations. On April 15, 2026, the Superior Court entered a further order, likewise attaching the Debtors' funds, reinforcing and continuing the October 24, 2025 attachment. (These two orders are **Exhibits A** and **B** to Movants' concurrently filed Objection to the Debtors' Motion for Entry of Interim and Final Orders Authorizing the Use of Cash Collateral [Doc. No. 6] (the "Cash Collateral Objection"), and are incorporated herein by reference.) The Debtors' submissions to the Court admit that these attachments, and the Debtors' alleged inability to satisfy the underlying judgment, is why these cases were filed. Doc. No. 7 ¶10;

Doc. No. 8 ¶8 ("The Debtors filed these cases to lift the attachment[] and attempt to reorganize under the protection of the Bankruptcy Court.").

3. The Debtors filed no accounting or report to the Superior Court in compliance with the Judge Tunnage Order until May 14, 2026, seven months late, and that report lacked the required accounting. Instead, between October 24, 2025, and June 15, 2026, they took almost $400,000 from their D.C. customers into their own accounts, in plain violation of the Superior Court's orders. Having ignored the attachment on their receivables in the District of Columbia, Movants thereafter, on June 29, 2026, moved the Superior Court for a writ of execution, a turnover order, an order to show cause why the Debtors and their manager, Jordan W. Javier, should not be held in contempt, and an accounting. That motion was fully briefed and ready for decision on July 23, 2026, when the Superior Court judge, Darlene Soltys, was prepared to rule on Movants' June 29 motion, and to proceed, as appropriate, to further show-cause proceedings. Movants' reply brief in support of that motion, filed July 20, 2026, is attached as **Exhibit A** to this Motion and shows the full state of the record before the Superior Court at the time these cases were filed.

4. On July 23, 2026 — the same day Judge Soltys was prepared to rule — each of the four Debtors filed a voluntary petition under chapter 11, subchapter V. The following day, the Debtors moved to shorten the deadline for parties in interest to respond to four First Day Motions and obtained an emergency hearing, which this Court held on July 28, 2026.

5. Movants' Cash Collateral Objection, filed concurrently with this Motion, describes further facts bearing on the timing and completeness of these filings: as of the date of that Objection, the Debtors had not filed schedules of assets and liabilities, statements of financial affairs, or the balance sheet, statement of operations, and other financial disclosures that 11 U.S.C. § 1116(1)(A)–(B) requires a small business debtor to file with the petition or within seven days

thereafter; and KCG MD, LLC — the Debtor to which the Cash Collateral Motion would give spending authority, and which the Debtors' own filings represent operates from a District of Columbia address — is not registered to transact business in the District of Columbia. Cash Collateral Objection §§ IV–V. Movants incorporate that showing here by reference. It is further evidence of the haste with which these cases were filed and prosecuted, and it is the reason Movants ask, in Part III below, that this Court reserve rather than resolve the question whether a receiver or a change in possession may ultimately be warranted.

6. The automatic stay of 11 U.S.C. § 362(a) now prevents the Superior Court from entering the ruling it had prepared to issue and from proceeding further on the show-cause and contempt issues raised by Movants' June 29 motion. Movants seek the relief necessary to let that proceeding go forward to conclusion, while preserving this Court's control over any subsequent enforcement against estate property.

## ARGUMENT

**I.  Cause Exists Under 11 U.S.C. § 362(d)–(f) To Modify The Stay So The Superior Court May Proceed With, And Conclude, A Matter Already Submitted To It.**

Section 362(d)(1) authorizes relief from the automatic stay "for cause," and Section 362(f) independently authorizes relief, with or without a hearing, where necessary to prevent irreparable damage to the interest of a party in property before an opportunity for notice and a hearing would otherwise arise. 11 U.S.C. § 362(d)(1), (f). The Bankruptcy Code does not define "cause," and this Court is well familiar with the factors courts weigh in deciding whether litigation should be permitted to proceed, or be completed, in another forum. Not every factor is relevant to every case; several are squarely presented here.

**Resolution of the issues**. A ruling, and any further findings the show-cause proceeding produces, would resolve, or substantially narrow, the state-law questions — the amount and

enforceability of the judgment debt, the effect of the October 24, 2025 and April 15, 2026 attachments on the cash the Debtors collected, and whether the Debtors and Mr. Javier complied with the Superior Court's standing orders — that this Court and any Subchapter V trustee will otherwise need to untangle in evaluating the competing claims to that same cash. Movants' Cash Collateral Objection describes why that untangling cannot presently be done on the current record: the Debtors have not filed schedules or the financial disclosures 11 U.S.C. § 1116 requires, and have not said which account holds the cash KCG MD proposes to spend or whether it is the same cash Movants' attachments reached. Cash Collateral Objection §§ III–V. A Superior Court ruling that fixes the amount and status of the underlying debt would resolve at least one variable in that otherwise unresolved picture. Allowing the proceeding to conclude advances, rather than duplicates, this Court's own work.

**No interference with the bankruptcy case**. Movants ask that the Superior Court be permitted to complete the adjudication already before it — not that Movants be permitted to execute, garnish, or otherwise collect against property of the estate. A ruling and contempt findings that clarify the state-law status of the debt, the attachment, and the Debtors' compliance with pre-petition orders do not interfere with the Debtors' reorganization; if anything, they remove unresolved variables that this Court would otherwise have to evaluate for itself, without the benefit of a court that has lived with this dispute since 2018. To the extent any contempt finding concerns Mr. Javier individually, Movants note that the automatic stay, by its terms, protects "the debtor" and property of the estate, and does not extend to proceedings against a non-debtor absent unusual circumstances not present here.

**A tribunal with the relevant expertise and the existing record**. The Superior Court, not this Court, has presided over the Superior Court Action since 2018, has already framed the legal

Thomas A. Mauro, Esq., D.C. Bar No. 184515 | Mauro Law Offices, P.C. | 700 Pennsylvania Avenue, S.E., Suite 200, Washington, D.C. 20003 | (202) 452-9865 | tmauro@tmaurolaw.com | Counsel for Kimberly Lin and Chi Ming Pun

issues through full briefing, and is the tribunal Congress and the District of Columbia have designated to resolve questions of District law, judgment enforcement, and attachment under Title 16 of the D.C. Code. That expertise, and that existing record, are exactly what the relevant "cause" factors are designed to preserve.

**No prejudice to other creditors**. The relief Movants seek would not distribute a dollar of estate property to Movants or to anyone else. It would produce a ruling and, if warranted, contempt findings — nothing more — that this Court can then take into account, alongside every other creditor's claim, in any cash collateral, claims-allowance, or plan proceeding. No other creditor is prejudiced by allowing that adjudication to conclude where it was already underway.

**Readiness, and judicial economy**. This factor is not a close call. The Superior Court proceeding is not merely ready for decision — it was submitted, fully briefed, and about to be decided, with a show-cause proceeding already noticed to follow. Requiring the Superior Court to shelve a matter it was prepared to resolve, only to have this Court or a later state-court proceeding reconstruct the same eight-year record from scratch, would waste the resources of every party and both courts.

**Balance of harms**. Movants would lose the practical benefit of an adjudication that was, by all indications, about to conclude, through no fault of their own and for reasons unrelated to the merits. The Debtors, by contrast, lose nothing cognizable: allowing the proceeding to conclude is not execution, and the automatic stay would continue to govern any subsequent effort to enforce a monetary or turnover ruling against property of the estate. The balance favors allowing the proceeding to run its course.

## II.     The Relief Requested Does Not Reach Estate Property.

Movants are mindful that a bankruptcy filing is entitled to the protection the automatic stay provides, and this Motion does not ask the Court to set that protection aside. Movants seek

---

modification of the stay for the purpose of permitting the Superior Court to conclude the contempt and show-cause proceeding already submitted to it, together with any contingent or conditional order the Superior Court considers appropriate in light of the pending bankruptcy cases. Movants do not seek, and this Motion should not be read to authorize, any writ of execution, garnishment, or turnover against property of the Debtors' estates without further order of this Court. That reservation addresses the principal concern the automatic stay exists to serve — preserving property of the estate for orderly administration — while allowing an adjudication that is a matter of days, not months, from completion to proceed to its conclusion.

### III.    The Court Should Reserve Judgment On Whether A Receiver, Or Removal Of The Debtors As Debtors In Possession, Is Warranted.

Movants do not ask this Court to appoint a receiver, or to remove the Debtors as debtors in possession under 11 U.S.C. § 1185(a), at this time. Movants do ask that the Court reserve judgment on that question, rather than treat this Motion, or any order granting it, as foreclosing it in either direction. The Superior Court's contempt and show-cause proceeding may generate findings directly relevant to whether the Debtors, or Mr. Javier as their manager, can be trusted to administer these estates without independent oversight. Movants respectfully submit that the Court is better positioned to address that question after those findings are made than on the present record, and ask that the proposed order make clear that nothing in it resolves, or limits the Court's authority later to resolve, whether a receiver or a change in possession is warranted.

### CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court enter an order, in the form submitted herewith as Exhibit B, modifying the automatic stay to permit the Superior Court of the District of Columbia to proceed with and conclude the contempt and show-cause proceeding pending in No. 2018 CA 008454 B, including entry of a ruling on Movants' Motion

for Writ of Execution, Turnover Order, Order to Show Cause, and Accounting and any further show-cause or contempt findings and orders, with any enforcement of such rulings against property of the Debtors' estates remaining subject to further order of this Court; reserving judgment on whether appointment of a receiver or removal of the Debtors as debtors in possession is warranted; and granting such other and further relief as is just and proper. Movants respectfully request that this Motion be considered together with, and in light of, Movants' concurrently filed Cash Collateral Objection, which together present a single, connected picture of the timing and completeness of these filings.

An Order is proposed for consideration by the Court.

Respectfully submitted,

/s/ Thomas A. Mauro
Thomas A. Mauro, Bar No. 184515
Mauro Law Offices, P.C.
700 Pennsylvania Avenue, S.E., Suite 200
Washington, D.C. 20003
(202) 452-9865
tmauro@tmaurolaw.com
Counsel for Kimberly Lin and Chi Ming Pun

### LIST OF EXHIBITS

**Exhibit A** — Plaintiffs' Reply, filed July 20, 2026, in support of the Motion for Writ of Execution, Turnover Order, Order to Show Cause, and Accounting pending in the Superior Court Action.

## CERTIFICATE OF SERVICE

I certify that on July 27, 2026, a copy of the foregoing, together with **Exhibit A** and the proposed order, was served (i) electronically via the Court's CM/ECF system upon all parties receiving electronic notice, and (ii) by first-class mail upon the Debtors, proposed counsel for the Debtors, and the Office of the United States Trustee, in accordance with Local Bankruptcy Rule 4001-1(d) and the Clerk's notice that motions for relief from stay may not be served solely through the CM/ECF notification system.

<u>/s/ Thomas A. Mauro</u>
Thomas A. Mauro