Augustus T. Curtis, Esq. (Bar No. 993228)
Leah C. Freedman, Esq. (Fed Bar. MD 21221)
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
(240) 507-1725
augie.curtis@offitkurman.com
leah.freedman@offitkurman.com
*Proposed Counsel for Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| WANAMAKER GROUP, LLC, et al. [1] | : | Case No. 26-00376-ELG |
| | : | |
| Debtors. | : | CHAPTER 11 (Subchapter V) |
| | : | Joint Administrated |

**OPPOSITION TO CREDITORS KIMBERLY LIN AND CHI MING PUN'S MOTION
TO AMEND THE INTERIM ORDER AUTHORIZING MAINTENANCE OF
EXISTING BANK ACCOUNTS AND CONTINUANCE OF ROUTINE
ORDINARY COURSE TRANSACTIONS**

Wanamaker Group, LLC ("Wanamaker"), Karma Home Designs, LLC ("Karma"), KCG MD, LLC ("KCG MD"), and KCG VA, LLC ("KCG VA," and, together with Wanamaker, Karma and KCG MD, the "Debtors"), Debtors and debtors in possession in the above-captioned cases, by and through proposed counsel, hereby file this Opposition to the motion by creditors Kimberly Lin and Chi Ming Pun ("Lin and Pun") to amend the *Interim Order Authorizing Maintenance of Existing Bank Accounts and Continuance of Routine Ordinary Course Transactions* [D.E. 30] (the "Bank Account Order"), and in support hereof, states as follows:

---

[1] [1] The Debtors in the jointly administered bankruptcy proceedings are the following entities, with the last three digits of their respective bankruptcy case numbers in parentheses: Wanamaker Group, LLC ("Wanamaker") (376) Karma Home Designs, LLC ("Karma") (377), KCG MD, LLC ("KCG MD") (378), and KCG VA, LLC ("KCG VA") (379).

**INTRODUCTION**

After moving for authority to maintain existing bank accounts and forego creating 'debtor in possession' bank accounts ("DIP accounts"), the Debtors reached an agreement with the United States Trustee to establish DIP accounts and begin using them within thirty (30) days. The Debtors submitted, and the Court entered, the Bank Account Order embodying that agreement. The Debtors also, at the request of Lin and Pun, included language in the Bank Account Order confirming that it does not affect Lin and Pun's alleged prepetition "seizure" of certain of the Debtors' accounts.

What followed was the present *Motion to Amend the Interim Order Authorizing Maintenance of Existing Bank Accounts and Continuance of Routine Ordinary Course Transactions* (the "Motion to Amend"). In the Motion to Amend, Lin and Pun seek to impose conditions on the Debtors' banking activities, including requirements that the Debtors provide advance identification of sweeps into the DIP Accounts and produce transaction-level information concerning their accounts receivable. They claim this relief is justified by certain pre-bankruptcy orders of the District of Columbia Superior Court. However, this relief was not requested at the "1st day" hearing and has no bearing on the Bank Account Order, which simply defines how the Debtors will comply with the United States Trustee's guidelines and section 345 of the Bankruptcy Code (defined below). Lin and Pun's issues with financial reporting should be addressed, if necessary, through the procedures governing the automatic stay and contested rights in estate property—not through an amendment to a routine first-day bank account order. The Motion to Amend should be denied.

## **RELEVANT PROCEDURAL HISTORY**

1.     On July 23, 2026, the Debtors commenced these cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), electing to proceed under subchapter V of chapter 11.

2.     The Debtors continue in possession of property of their estates and management of their business activities as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

3.     On July 24, 2026, the Debtors' filed "First Day Motions," including the *Motion for Entry of an Order Authorizing Maintenance of Existing Bank Accounts and Continuance of Routine Ordinary Course Transactions* [D.E. 8] (the "Bank Account Motion").

4.     A hearing was scheduled on the First Day Motions for July 28, 2026.

5.     At the July 28, 2026 hearing, the Debtors advised the Court that they had reached an agreement with the United States Trustee to seek only temporary use of their existing bank accounts (the "Prepetition Accounts"), and to open and begin using DIP Accounts within thirty (30) days. Thereafter, the Debtor would maintain the Prepetition Accounts an additional sixty days and "sweep" deposits to the DIP Accounts no less than once per week.

6.     Lin and Pun objected to the Bank Account Motion [Doc. No. 21] (the "Lin/Pun Objection").[2] At the hearing, they appeared through counsel and expressed concern that the order should not affect their prepetition seizures of certain WesBanco account (the "WesBanco

---

[2] They did not oppose the Debtors' continued use of prepetition bank accounts, but requested that the Court: (a) grant the Bank Account Motion as to the accounts of Wanamaker, KCG VA, and Karma; (b) require disclosure of the Petition Date balance of each listed account; (c) require an explanation of the seizure of KCG MD's WesBanco account ending in 3619, including its cause, date, and current balance; and (d) defer or deny relief as to KCG MD's accounts until KCG MD's District of Columbia registration status was resolved. (Original Objection, pg. 4).

Accounts"). The Debtors agreed to include language in the Bank Account Order stating that it does not affect such seizures.

7.      The Debtors prepared and circulated a proposed order including such language. The United States Trustee and Subchapter V Trustee consented to the order. Lin and Pun's counsel, however, requested numerous additional terms neither requested in the Lin/Pun Objection nor at the hearing. Due to the urgency of the Debtors' need to maintain the bank accounts,[3] Debtors submitted the proposed order without the Movants' endorsement, alerting the Court, the United States Trustee and Subchapter V Trustee to its absence.

8.      On August 1, 2026, Lin and Pun filed their Motion to Amend. The Motion to Amend seeks to add provisions to the Bank Account Order conditioning every sweep of funds into the DIP Accounts upon advance identification and service of the date, source, and amount of each deposit traceable to a District of Columbia receivable which Lin and Pun claim were required to be identified under certain prepetition orders by the District of Columbia Superior Court.

**OPPOSITION**

9.      Lin and Pun seek relief from the Bank Account Order under Fed. R. Civ. P. 60(b), made applicable through Fed. R. Bankr. P. 9024.[4] They do not identify any specific subsection of Rule 60(b) on which they rely, however, nor does the Motion establish any mistake, newly discovered evidence, fraud, voidness, or inequity in the Bank Account Order.

---

[3] Certain of the Debtors' accounts are located at Wells Fargo Bank.  After the cases were filed, Wells Fargo notified the Debtors that it was placing a temporary block on the accounts until the Debtors obtained a court order permitting use of the accounts.

[4] Rule 60 permits relief from a final judgment, order, or proceeding only on specified grounds including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

10.     To the extent Lin and Pun assert that "other reasons" justify relief under Rule 60(b)(6), they have failed to point to any reason for amending the Bank Account Order. *See In re Glass*, No. 19-00020, 2019 WL 1313715, at *3 (Bankr. D.D.C. Mar. 20, 2019) (Noting that courts apply "other reasons" justifying an amendment sparingly and only under extraordinary circumstances); *In re Wise,* No. 18-00753, 2019 WL 1282786, at *2 (Bankr. D.D.C. Mar. 18, 2019) ("Rule 60(b)(6) is not a means for a litigant to justify additional relief after a litigant fails to diligently protect his or her own interests through ordinary motions and hearing practice."). Here, there are no extraordinary circumstances, in fact there is no cause at all, justifying amending the Bank Account Order as Lin and Pun request.

11.     The Motion to Amend does not state grounds for amending the Bank Account Order; it seeks entirely new and independent relief. Notably, Lin and Pun did not raise arguments about identification of particular deposits or transaction-level reporting (or any other restriction on moving funds into DIP Accounts) in their Original Objection or at the hearing.  Had they done so, the Debtors would have made point they make here, *i.e.*, that the Bank Account Motion pertained solely to the question whether (and other what circumstances) DIP Accounts must be established to comply with the U.S. Trustee Guidelines and Bankruptcy Code section 345.  The Bank Account Order does not to establish or enforce any regime for financial reporting to Lin and Pun or any other party in this case, and it could not, and does not, affect any seizure of Prepetition Accounts in *Kimberly Lin, et al. v. Karma Construction Group, LLC, et al.*, Case No. 2018 CA 008454.

12.     The fact that Lin and Pun are seeking independent relief is clear from the Motion to Amend. They refer repeatedly to obligations they claim were imposed by the Superior Court on the Debtors' financial affairs. However, these obligations—and the question whether they continue during the bankruptcy cases—are not affected by the Bank Account Motion. The post-petition

effect (if any) of the Superior Court orders is a question implicating the automatic stay of section 362, and notably, Lin and Pun have moved for relief from the automatic stay in a separate motion before the Court in which they seek to continue their litigation post-petition. The issue of what, if any financial reporting obligations flow from prepetition non-bankruptcy court orders can be addressed in the normal course by the Court, but does not justify amending an order concerning the use of DIP Accounts.[5]

13.     The requested tracing and noticing requirements also assume, without adjudication, that payments received postpetition are subject to Movants' asserted prepetition attachment rights. The Bank Account Order appropriately avoided deciding the validity, scope, priority, perfection, enforceability, or postpetition effect of those asserted rights. Those issues should be resolved, if necessary, through the procedures governing contested rights in estate property—not through an amendment to a routine first-day bank account order intended to ensure that the Debtors' businesses continue to function in their ordinary course and that proceeds from the businesses continue to flow, uninterrupted, into the Debtors' estates for the benefit of creditors.

---

[5] The Debtors also note that the "reporting" Lin and Pun request will occur through the monthly operating reports filed in this case. The reports will list the source of all receipts of the Debtors during the case and will itemize any and all intercompany transfers without the additional burdens Lin and Pun seek to impose, which would inevitably interfere with the timely transfer of estate funds into compliant DIP Accounts, increase administrative expense at the outset of these cases, and invite recurring disputes over characterization and tracing before the funds can be moved.

WHEREFORE, the Debtors request that the Court deny the Motion to Amend and grant such other and further relief as may be just and proper under the circumstances.

Respectfully submitted,

/s/  Augustus T. Curtis
Augustus T. Curtis, Esq. (Bar No. 993228)
Leah C. Freedman, Esq. (Fed Bar. MD21221)
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
Tel. (240) 507-1756
Email: augie.curtis@offitkurman.com
          leah.freedman@offitkurman.com

*Proposed Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2026, a copy of the foregoing was served electronically via this Court's CM/ECF system upon the following:

- Augustus Curtis     augie.curtis@offitkurman.com
- Katharine Toledo katharine.i.toledo@usdoj.gov, Robert.W.Ours@usdoj.gov
- U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV
- Angela L. Shortall     ashortall@3cubed-as.com, md70@ecfcbis.com
- US Trustee - Greenbelt     USTPRegion04.GB.ECF@USDOJ.GOV
- Thomas A Mauro tmauro@tmaurolaw.com

/s/Augustus T. Curtis
Augustus T. Curtis

4922-4224-9670, v. 1