Augustus T. Curtis, Esq. (Bar No. 993228)
Leah C. Freedman, Esq. (Fed Bar. MD 21221)
Steven Goldberg (Fed Bar. MD MD0218)
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
(240) 507-1725
augie.curtis@offitkurman.com
leah.freedman@offitkurman.com
sgoldberg@offitkurman.com
*Proposed Counsel for Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In re:** | : | |
| | : | |
| **WANAMAKER GROUP, LLC, et al.** [1] | : | **Case No. 26-00376-ELG** |
| | : | |
| **Debtors.** | : | **Chapter 11 (Subchapter V)** |
| | : | **Jointly Administered** |
| | : | |

**DEBTORS' SECTION 1188(c) PLAN REPORT**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") have elected to file these cases under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").[2] The Debtors file this report (the "Plan Report") pursuant to § 1188(c) of the Bankruptcy Code and the Initial Scheduling Order entered by this Court.

1. **Debtors' Business or Commercial Activities.**

Wanamaker Group, LLC ("Wanamaker"), KCG MD, LLC ("KCG MD"), and KCG VA, LLC ("KCG VA") operate home construction and renovation businesses in the District of Columbia, Maryland and Virginia, respectively. Karma Home Designs, LLC ("Karma") ceased

[1] The Debtors in these jointly administered bankruptcy proceedings are the following entities, with the last three digits of their respective bankruptcy case numbers in parentheses: Wanamaker Group, LLC (376), Karma Home Designs, LLC (377), KCG MD, LLC (378), and KCG VA, LLC (379)
[2] Subchapter V of Chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020.

operations prior to the Petition Date, but, as set forth below, was the subject of a pre-petition judgment, successor liability claim, and collection action brought by creditors Kimberly Lin and Chi Ming Pun ("Lin/Pun").

In 2020, Lin/Pun obtained a judgment against Karma in the Superior Court for the District of Columbia in the original principal amount of $283,716.53, plus fees and post-judgment interest (the "Judgment"). In approximately 2023, on Lin/Pun's motion, the Superior Court added Karma Construction Group, LLC and Wanamaker to the Judgment as alleged successors-in-interest to Karma. Thereafter, Lin/Pun sought and obtained certain orders attaching outstanding and future receivables arising from one or more of the Debtors' business operations in the District of Columbia. The Debtors filed these cases to preserve the value of the Debtors' assets for the benefit of all creditors, including Lin/Pun.

As of the Petition Date, Wanamaker, KCG MD, and KCG VA were parties to a number of pre-petition renovation contracts in various stages, including some of which are currently being performed and funding post-petition operations pursuant to an interim cash collateral order that is presently being negotiated.

Substantial disagreements exist between the Debtors and Lin/Pun concerning the nature, extent, validity and priority of Lin/Pun's claim. Whether the Judgment is secured, in whole or in part, implicates cash collateral and plan issues which the Debtors and Lin/Pun continue to review and discuss, as these issues necessarily impact recoveries to not only Lin/Pun, but to all creditors of the Debtors' estates.

Lastly, the Debtors are currently in the process of retaining an accountant to assist the Debtors with their books and records, monthly operating reports and projections. As of the filing

of this Plan Report, the operating report for the period covering July 23, 2026 to July 31, 2026 is due and will be filed promptly.

2. **Type of Plan of Reorganization**. Though certain of the disagreements between the Debtors and Lin/Pun run deep, the Debtors desire to pursue a consensual plan of reorganization. However, at the present time, it is undetermined whether the plan can or will be filed as a consensual plan.

____ Consensual ____ Nonconsensual X Undetermined

3. **Reasons for Type of Plan of Reorganization**.

At present, based on very preliminary discussions with Lin/Pun, it is undetermined whether the Debtors will be able to confirm a consensual plan, if one can be confirmed at all. In even the very early stages of this case, the disputes have been costly and protracted which, alone, could make reorganization under Chapter 11 economically impracticable.[3] Equally, if not more significant, the bankruptcy filings have created substantial anxiety and uncertainty among the Debtors' customers and vendors, who fear that the Debtors will be unable to complete their projects and/or contracts. Though the Debtors have endeavored to allay this fear, the anxiety caused by these bankruptcy filings has impacted the Debtors' revenues and ability to secure new work. Notwithstanding these challenges, it is the Debtors' present intention to work towards a consensual plan of reorganization.

4. **Communications with Parties in Interest**. To date, the Debtors have had discussions with the Subchapter V Trustee, the United States Trustee, counsel for Lin/Pun and other parties-in-interest. Due to the complexity of the issues presented in these cases and the continued

[3] If these cases are converted to Chapter 7, their will be little or no recovery to creditors of the Estates.

disagreements with Lin/Pun, the Debtors have not had an opportunity to focus on a proposed plan of reorganization, but intend to have discussions with all classes of creditors.

X Secured Creditors (or alleged Secured Creditors)
___ Priority Claimants
___ Unsecured Creditors
___ Equity Interest Holders
X Subchapter V Trustee
X Others; Describe: U.S. Trustee

5. **Nature of Communications with Parties in Interest**.

Debtors' counsel has had discussions with Angela Shortall, the Subchapter V Trustee concerning the case and generally Debtors' operations, debts, assets, and other matters, including the nature and extent of Lin/Pun's claim. Ms. Shortall has requested information from the Debtors, with the primary goal of aiding the parties in advancing progress of the case and assisting the Debtors and Lin/Pun in resolving their dispute(s). Though most of the discussions in these cases to date have been in the nature of administrative and procedural issues (including preparation of schedules and resolution of first day motions), the Debtors have had protracted negotiations with Lin/Pun concerning the terms of an interim cash collateral order, which discussions have not yet yielded a consensual order for filing with the Court. The Debtors intend to continue discussions with Lin/Pun, the Subchapter V Trustee, the Internal Revenue Service (which has filed a priority claim in the amount of $144,530.18) and other creditors to achieve a consensual plan of reorganization. Counsel will also discuss the case with counsel for the U.S. Trustee concerning matters addressed during the Section 341 meeting of creditors, which was held on August 28, 2026 and has been continued to September 11, 2026.

6. **<u>Efforts to Formulate Plan of Reorganization</u>**. For the reasons states above, the Debtors have not been able to make substantial inroads in formulating a plan of reorganization.

7. **<u>Timing for Filing Plan of Reorganization</u>**. Does the Debtor(s) intend to file a plan of reorganization within the 90-day deadline imposed by § 1189(b) of the Bankruptcy Code?

____ Yes   <u>X</u> No

If no is marked, please explain:

Though the Debtors' strong preference is to file a plan within the 90-day deadline, the Debtors do not believe that will be realistic. The plan is currently due on October 21, 2026. Due to the nature of the issues presented in this case; the anxiety among the Debtors' customers and vendors regarding the Debtors' ability to perform their contracts to completion; and the fact that these cases concern four (4) debtors, the Debtors believe it may be necessary to seek an extension of time to file their plan of reorganization. If that is the case, the Debtors will seek such an extension prior to the September 23, 2026 deadline.

8. **<u>Administrative Expenses</u>**. The Debtors anticipate that the estate will incur the following administrative expenses during the pendency of this case:

Total Amount for Debtors' Counsel's Fees and Expenses: $100,000.00

Total Amount for Subchapter V Trustee's Fees and Expenses: $20,000.00

Total Amount of Other Administrative Expense Claims (CPA): $15,000.00

As of the Petition Date, Debtors 'counsel was holding a retainer of $ $22,871.00. Pursuant to the proposed Interim Cash Collateral Order, the Debtors are required to remit $1,000.00 per month to the Subchapter V Trustee, beginning August, 2026, as an escrow for application to fees and expenses incurred by the trustee in the present cases.

9. **Additional Information**.

The Debtors and Lin/Pun are finalizing the consent interim order for use of cash collateral.. Additionally, Debtors' counsel will be filing their application to employ counsel for the Debtors and an accounting firm to assist the Debtors with their books and records, monthly operating reports and projections.

Dated: September 2, 2026

*/s/ Steven Goldberg*

Steven L. Goldberg, Esq. (Bar No. MD0218)
Augustus T. Curtis, Esq. (Bar No. 993228)
Leah C. Freedman, Esq. (Fed Bar. MD21221)
Offit Kurman, P.A.
Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
(240) 507-1756
sgoldberg@mhlawyers.com
augie.curtis@offitkurman.com
leah.freedman@offitkurman.com
*Proposed Counsel for the Debtors*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of September, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Debtors' Section 1188(C) Report will be served electronically by the Court's CM/ECF system on the following:

Thomas A Mauro tmauro@tmaurolaw.com
Angela Shortall ashortall@3cubed-as.com, md70@ecfcbis.com
Katharine Toledo katharine.i.toledo@usdoj.gov, Robert.W.Ours@usdoj.gov
U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

I hereby further certify that on this 2nd day of September, 2026, I sent a copy of the foregoing Section 1188(c) Report by first class mail, postage prepaid, to the following:

Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, Virginia 22314

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Capital One, NA
By AIS Info Source LP as agent
4515 N. Santa Fe Avenue
Oklahoma City, OK 73118

AmTrust North America, Inc.
800 Superior Avenue, 21st Floor
Cleveland, OH 44114

Headway Capital, LLC
175 W. Jackson Blvd
Suite 1000
Chicago, IL 60604

M&T Bank
One M&T Plaza
Attn: Office of General Counsel
Buffalo, NY 14203

Comptroller of Maryland
Compliance Division
State Office Building
301 W. Preston Street, Room 203

Baltimore, MD 21201

Charles Taylor III Electrical
530 Defense Highway
Crownsville, MD 21032

Corporeal Visions, Inc.
10229 Stillhouse Road
Delaplane, VA 20144

Jayson Portier
493 N. Armistead Street
Alexandria, VA 22312

JNSJAV, LLC
335 S. Biscayne Blvd, #1609
Miami FL 33131

Premier Contractors, Inc.
140 W. Lake Street
Bloomingdale, IL 60108

Twin Air, LLC
c/o Spyros Counsel LLC
9117 Church Street
Manassas, VA 20110

Virtual Construction Management, LLC
40 W. Lake Street
Bloomingdale, IL 60108

Jeremy Emmert
16 Quincy Place, NW
Washington, DC 20001

Joe Freedman
c/o Steven Krieger Law
220 Wilson Blvd, Suite 102
Arlington, CA 22201

Scaffold Resource LLC
9513 Lanham Severn Road
Lanham, MD 20706

Lucas Brown and Natalia Barnhart
Nolan & Mroz, PLC

2301 Gallows Road
Suite 200
Dunn Loring, VA 22027

Alex Shholnikov
12587 Fair Lakes Circle, Suite 302
Fairfax, VA 22033

Installation Services by HCR, LLC
c/o Cotney Attorneys
4704 Harlan Street, Suite 101
Denver, CO 80212

Technology Insurance Company
8995 Westside Parkway
Alpharetta, GA 30009

*/s/ Steven Goldberg*
Steven Goldberg

4914-8914-7085, v. 1