Augustus T. Curtis, Esq. (Bar No. 993228)
Leah C. Freedman, Esq. (Fed Bar. MD 21221)
Steven L. Goldberg (Fed Bar. MD0218)
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
(240) 507-1725
augie.curtis@offitkurman.com
leah.freedman@offitkurman.com
sgoldberg@mhlawyers.com
*Proposed Counsel for Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In re:** | : | |
| | : | |
| **WANAMAKER GROUP, LLC, et al.** [1] | : | **Case No. 26-00376-ELG** |
| | : | |
| **Debtors.** | : | **Chapter 11 (Subchapter V)** |
| | : | **Jointly Administered** |
| | : | |

**OBJECTION TO MOTION OF CREDITORS FOR ENTRY OF AN ORDER (I) AUTHORIZING EXAMINATION OF JORDAN W. JAVIER AND PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P. 2004 AND (II) SHORTENING TIME PURSUANT TO LOCAL BANKRUPTCY RULE 2004-1(a)**

Wanamaker Group, LLC; KCG MD, LLC; KCG VA, LLC; and Karma Home Designs, LLC, debtors and debtors-in-possession in these jointly administered cases (collectively, the "Debtors"), file this Objection to the Motion of Kimberly Lin and Chi Ming Pun for Entry of an Order (I) Authorizing Examination of Jordan W. Javier and Production of Documents Pursuant to Fed. R. Bankr. P. 2004 and (II) Shortening Time Pursuant to Local Bankruptcy Rule 2004-1(a) (the "Motion") and, in support thereof, states as follows:

[1] The Debtors in these jointly administered bankruptcy proceedings are the following entities, with the last three digits of their respective bankruptcy case numbers in parentheses: Wanamaker Group, LLC (376), Karma Home Designs, LLC (377), KCG MD, LLC (378), and KCG VA, LLC (379).

**The 2004 Examination Motion**

1. At the outset, the Debtors are not opposed to appearing for a 2004 examination that is consistent with the intent of the rule and does not needlessly waste resources of the estate. Here, however, because the Motion and the document request is overly broad and unduly burdensome, the Debtors file this timely objection setting forth substantive and procedural defects in Lin/Pun's Motion.[2]

2. It is well established that on motion of any party in interest, the court may order the examination of any entity, including non-debtor entities, relating to the acts, conduct, or property, or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

3. In their Motion, Lin/Pun seeks the entry of an order directing the Debtor's principal, Jordan Javier, *individually* and as managing member of the Debtors, to appear for an examination "concerning the acts, conduct, property, liabilities, and financial condition of each of the foregoing Debtors, and any matter that may affect the administration of each Debtor's estate, *including without limitation the matters identified in the Motion."* See Proposed Order attached to the Motion (emphasis added).

4. The Motion also directs *Mr. Javier and* each of the four Debtors to produce seven (7) categories of documents consisting of 41 document requests by *September 7, 2026*. In sum and substance, the document requests also seeks documents of non-parties, including Karma Construction Group, LLC, which is not a debtor before the Court.[3]

---

[2] Because the Motion required a response in seven (7) days, the Debtors have not had an opportunity to speak to Lin/Pun about their objections to the Motion. Though the Debtors do not desire to elevate form over substance, and will endeavor to resolve whatever issues it can with Lin/Pun, the relief sought by Lin/Pun is, at a minimum, overly broad and unduly burdensome.

[3] See, e.g.. Request for Production of Documents, Category 1, RPD No. 1 ("All organizational documents for Non-Debtor KCG within the possession, custody, or control of the Debtors or Mr. Javier as their

5. The Motion also seeks a 2004 examination of Mr. Javier *and* the Debtors on *September 14, 2026*.

6. For the reasons set forth herein, the Motion and the document request, as proposed, should be denied or, in the alternative, more narrowly tailored to the legitimate needs of Lin/Pun, whose claim has already been established by a pre-petition judgment and is not disputed by the Debtors.[4]

**Objections to the 2004 Motion**

**I. Examination of Non-Debtor Parties Must be Pursuant to Federal Rule of Bankruptcy Procedure 9016.**

7. Though this Court has the authority to enter an Order authorizing Lin/Pun to conduct a 2004 examination of non-debtors (in this case, of Mr. Javier and/or Karma Construction Group, LLC as sought in the Motion), the non-debtor entities attendance and production of documents must be compelled, after authorization by this Court, by subpoena pursuant to Fed. R. Bankr. P. 9016.

8. To the extent Lin/Pun seeks to examine Mr. Javier in his individual capacity, and to compel him, individually, or Karma Construction Group, LLC, to produce documents, as the Motion seeks (see Motion, at p. 1, and Proposed Order attached thereto), Lin/Pun should be required to issue a subpoena pursuant to Fed. R. Bankr. P. 9016.

---

managing member, including articles of organization, operating agreements, and any amendments, for its Wyoming formation and North Carolina registration (NC SOSID 2124406).

[4] For the avoidance of doubt, the Debtors disagree with the merits that resulted in the Judgment but acknowledge that the Judgment is final.

**II. The Rule 2004 Examination is Improperly Broad and Unduly Burdensome**

9. The Motion seeks an order requiring Mr. Javier *and* the Debtors to produce 41 document requests, and the production of a log for any and all documents withheld based on privilege.

10. First, Local Rule 7026-1 provides, among other things, that a party may not serve more than twenty-five (25) requests for production, including all parts and subparts. Here, Lin/Pun has propounded 41 document requests.

11. Though the Debtors recognize that these are jointly administered cases, and, for that reason, do not oppose the number of document requests, many of the requests are so overly broad that they essentially encompass every document generated by or in possession of the Debtors during the relevant periods.

12. Though the scope of Rule 2004 is admittedly broad, it is not unlimited. Even if a movant establishes that good cause exists for some relief under Bankruptcy Rule 2004, the bankruptcy court must also determine whether the request is unduly burdensome by "balancing the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." In re Transmar Commodity Grp. Ltd., 2018 WL 4006324, at *4 (Bankr. S.D.N.Y. Aug. 17, 2018) (quoting In re Drexel Burnham Lambert Grp., Inc., 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991)). Good cause may exist where the information requested by the Bankruptcy Rule 2004 examination is necessary to establish the movant's claim or if denial to access of such information would cause the movant undue hardship or injustice. See In re Lee, Case No. BAP HI-20-1250-GBS, 2021 WL 2283910, at *4 (B.A.P. 9th Cir. June 3, 2021); see also In re AOG Entm't, Inc., 558 B.R. 98, 109 (Bankr. S.D.N.Y. 2016); In re Millennium Lab Holdings II, LLC, 562 B.R. 614, 627 (Bankr. D. Del. 2016). Additionally, a Bankruptcy Rule 2004

examination must be both "relevant and *reasonable*." In re Symington, 209 B.R. 678, 684-85 (Bankr. D. Md. 1997) (emphasis added).

13. The volume of information requested by Lin/Pun and the nature of certain of the documents Lin/Pun seeks is clearly overly broad, unduly burdensome, and/or not relevant to the administration of the Debtors' estate, and should be struck or, at a minimum, narrowed and limited. See In re Drexel Burnham Lambert Grp., Inc., 123 B.R. at 711 (although Rule 2004 examination can be compared to a fishing expedition, "the net, in the discretion of the Court, can be carefully stitched to limit its catch").

14. By way of example, and not limitation, it remains entirely unclear why many of the documents in Category 4 are relevant to the administration of the Debtors' estates, or necessary to determine what, if any, lien or security interest Lin/Pun has as of the Petition Date, or how or why they improve the position of any creditors in these cases. That category of documents seeks a tracing of funds received from customers in the District of Columbia between October 24, 2025 and July 23, 2026. Simply stated, the scope of Category 4, and many other requests propounded by Lin/Pun, do not advance the efficient administration of the Debtors' estate, do not improve distributions to creditors and are unduly burdensome and should be disallowed or narrowed.

15. Finally, there is no current need, and the Debtors do not ask that the Court be burdened with going through each and every document request to determine which ones are relevant or proper. The parties have a duty to confer with respect to discovery matters, and the Debtors intend to do just that. This objection was filed to comply with the short response deadline accompanying the Motion, and the Debtors will endeavor to meet and confer with counsel for Lin/Pun. In the meantime, however, the Debtors respectfully request that the Court defer ruling on the Motion, or deny the Motion without prejudice.

**III. The Production and Examination Deadline are Not Reasonable**

16. Even if the Court were to determine that the scope of the requested examination was permissible, there is no conceivable way that the Debtors will be able to assemble the volume of information requested by Lin/Pun prior to September 7, 2026, for a noted examination on September 14, 2026.

17. The Debtors will require at least 30 days to assemble the volume of information sought by Lin/Pun.

**Conclusion**

18. For the foregoing reasons and those to be submitted at any hearing on the Motion, the Debtors request that the Motion be denied or that the Court defer ruling on the Motion.

Dated: September 2, 2026

*/s/ Steven Goldberg*

Steven L. Goldberg, Esq. (Bar No. MD0218)
Augustus T. Curtis, Esq. (Bar No. 993228)
Leah C. Freedman, Esq. (Fed Bar. MD21221)
Offit Kurman, P.A.
Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
(240) 507-1756
augie.curtis@offitkurman.com
leah.freedman@offitkurman.com
sgoldberg@offitkurman.com
*Proposed Counsel for the Debtors*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of September, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Objection to Creditor's Motion for 2004 Examination will be served electronically by the Court's CM/ECF system on the following:

Thomas A Mauro tmauro@tmaurolaw.com
Angela Shortall ashortall@3cubed-as.com, md70@ecfcbis.com
Katharine Toledo katharine.i.toledo@usdoj.gov, Robert.W.Ours@usdoj.gov
U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

*/s/ Steven Goldberg*
Steven Goldberg

4898-4538-0813, v. 1