Augustus T. Curtis, Esq. (Bar No. 993228)
Leah C. Freedman, Esq. (Fed Bar. MD 21221)
Steven Goldberg (Fed Bar. MD0218)
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
(240) 507-1725
augie.curtis@offitkurman.com
leah.freedman@offitkurman.com
*Proposed Counsel for Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In re:** | : | |
| | : | |
| **WANAMAKER GROUP, LLC, et al.** [1] | : | **Case No. 26-00376-ELG** |
| | : | |
| **Debtors.** | : | **Chapter 11 (Subchapter V)** |
| | : | **Jointly Administered** |
| | : | |

**OBJECTION TO MOTION OF CREDITORS KIMBERLY LIN AND CHI MING PUN FOR AN ORDER REQUIRING IDENTIFICATION AND TRACING OF CASH COLLATERAL DERIVED FROM ATTACHED DISTRICT OF COLUMBIA RECEIVABLES**

Wanamaker Group, LLC; KCG MD, LLC; KCG VA, LLC; and Karma Home Designs, LLC, debtors and debtors-in-possession in these jointly administered cases (collectively, the "Debtors"), file this Objection to the Motion of Creditors Kimberly Lin and Chi Ming Pun for an Order Requiring Identification and Tracing of Cash Collateral Derived from Attached District of Columbia Receivables (the "Tracing Motion") and, in support thereof, states as follows:

1. In the Motion, Creditors Kimberly Lin and Chi Ming Pun ("Lin/Pun") seek an Order directing the Debtors (i) identify, as of the Petition Date, any receivables swept (or to be swept) from Debtors' pre-petition bank accounts to the DIP account(s) which are traceable to

[1] The Debtors in these jointly administered bankruptcy proceedings are the following entities, with the last three digits of their respective bankruptcy case numbers in parentheses: Wanamaker Group, LLC (376), Karma Home Designs, LLC (377), KCG MD, LLC (378), and KCG VA, LLC (379).

District of Columbia customers and (ii) on a going forward basis, to identify any receivables collected from customers located in the District of Columbia.

2. Lin/Pun's request that the Debtors identify receivables swept (or to be swept) from the Debtors' pre-petition accounts into the DIP account *as of the Petition Date* is not unreasonable, and one that the Debtors will endeavor to do.[2] However, Lin/Pun's request that the Debtors be required to identify the source of District of Columbia receivables generated after the Petition Date is neither relevant nor necessary to determine the amount of Lin/Pun's asserted lien interest or any other purpose.[3]

3. Section 552 of the Bankruptcy Code provides that property acquired by the estate or by the debtor after the commencement of a bankruptcy case is not subject to a lien resulting from a pre-petition security agreement entered into by the debtor before the commencement of the case. 11 U.S.C. § 552.

4. By its plain language, Section 552(a) applies to consensual "security agreements", and not to judicial attachments. However, the same principle of law applies to attachments, consistent with Congress' intent to provide a debtor-in-possession with after acquired property from which it can use to generate revenue and fund distributions to creditors.

5. Further evidence of Congress' intent to prohibit the enforcement of a lien in after-acquired property is Sections 362(a)(4) and (a)(5) of the Bankruptcy Code, which prohibit the creation, perfection or enforcement of post-petition liens. Section 362(a)(4) operates as a stay applicable to all entities of "any act to create, perfect, or otherwise enforce any lien against property

---

[2] Among other things, that request is complicated by the fact that, once commingled with other sources of money, tracing monies attributed to a particular source of deposit (like receivables from District of Columbia customers) becomes all the more challenging.

[3] Though the Debtors do *not* contend that Lin/Pun has violated the automatic stay, the request raises questions about whether such a request violates the automatic stay.

of the estate", while Section 362(a)(5) operates as a stay of "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case."

6. Here, it is unclear what, if any, security interest Lin/Pun maintained on the Petition Date.[4] But, it is clear that, to the extent Lin/Pun maintained a pre-petition security or lien interest at all, such interest does not extend to receivables acquired after the commencement of these cases. Accordingly, imposing a continuing obligation on the Debtors to identify any receivables generated from a particular subset of customers (whether it be District of Columbia, Maryland or Virginia customers) is neither necessary nor beneficial to the estate and its creditors.

7. To the extent such a tracing or identification is ordered, such a tracing of receivables from District of Columbia customers should be limited to that amount existing on the Petition Date.

8. For the foregoing reasons and those to be submitted at any hearing on the Motion, the Debtors request that the relief requested in the Motion, as proposed, be denied.

Dated: September 4, 2026

*<u>/s/ Steven Goldberg</u>*

Steven L. Goldberg, Esq. (Bar No. MD0218)
Augustus T. Curtis, Esq. (Bar No. 993228)
Leah C. Freedman, Esq. (Fed Bar. MD21221)
Offit Kurman, P.A.
Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
(240) 507-1756
sgoldberg@offitkurman.com
augie.curtis@offitkurman.com
leah.freedman@offitkurman.com
*Proposed Counsel for the Debtors*

[4] For the avoidance of doubt, the Debtors disagree with Lin/Pun's claims that the Debtors failed to comply with the Attachment Orders. <u>See</u>, <u>e.g.</u>, Motion at ¶ 5.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of September, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Objection will be served electronically by the Court's CM/ECF system on the following:

Thomas A Mauro tmauro@tmaurolaw.com
Angela Shortall ashortall@3cubed-as.com, md70@ecfcbis.com
Katharine Toledo katharine.i.toledo@usdoj.gov, Robert.W.Ours@usdoj.gov
U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

*/s/ Steven Goldberg*
Steven Goldberg