The order below is hereby signed.

Signed: September 3 2026

Elizabeth L. Gunn
U.S. Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| WANAMAKER GROUP, LLC | : | Case No. 26-00376-ELG |
| KCG MD, LLC | : | Case No. 26-00377-ELG |
| KCG VA, LLC, | : | Case No. 26-00378-ELG |
| KARMA HOME DESIGNS, LLC | : | Case No. 26-00379-ELG |
| | : | |
| Debtors. | : | CHAPTER 11 (Subchapter V) |
| | : | Joint Administration Pending |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363 AND (III) SCHEDULING A FINAL HEARING**

Having considered the motion (the "**Motion**") filed by Wanamaker Group, LLC ("**Wanamaker**"), KCG MD, LLC ("**KCG MD**"), KCG VA, LLC ("**KCG VA**,"), and Karma Home Designs, LLC ("**Karma**" and, together with Wanamaker, KCG MD and KCG VA, the "**Debtors**"), the Debtors and debtors-in-possession, seeking entry of this interim order (the "**Interim Order**"), followed by a final order (a) authorizing the Debtors' use of Cash Collateral (as defined herein), (b) granting adequate protection to Headway Capital, LLC ("**Headway**") and creditors Kimberly Lin and Chi Ming Pun ("Lin/Pun"), and (c) scheduling a final hearing (the "Final Hearing"), pursuant to sections 105, 361, 362, 363(b), 363(c)(2), 363(m), 503, 506(c) and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and Rules 2002, 4001, 6003, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and any response thereto, and there appearing good cause for granting the relief requested in the Motion, and an interim hearing having been held on July 28, 2026 to consider the relief requested in the Motion (the "**Hearing**"), and the Debtors having represented the following (all of which representations are adopted for purposes of this Interim Order only), none of which shall be deemed to limit, waive, or otherwise affect any remedies sought or reserved by Lin/Pun in these Cases or in any other proceeding:

A. On July 23, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Columbia (the "Court"). The Debtors have requested the cases be jointly administered and have elected to proceed under Subchapter V of Chapter 11 the Bankruptcy Code.

B. On July 23, 2026, Angela Shortall was appointed to serve as the Subchapter V Trustee (the "Subchapter V Trustee") in the Bankruptcy Case.

C. The Debtors are operating their business and managing their property as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

D. The Court has jurisdiction over the matters raised in the Motion and over the persons and property affected by the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The matters raised in the Motion are core proceedings pursuant to 28 U.S.C. § 157(b).

E. Venue for the Chapter 11 Case (as defined below) and the proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

F. The Hearing was held pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2). Proper, timely, adequate and sufficient notice of the Motion under the circumstances has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules of

the Court, and no other or further notice of the Motion or the entry of this Interim Order shall be required except as provided herein.

G. As used herein, "Cash Collateral" shall mean, except as otherwise provided herein, all of the Debtors' cash existing as of the Petition Date, wherever located or held, including, without limitation, cash in deposit accounts and other cash that constitutes "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code, together with any cash existing after the Petition Date to the extent such cash constitutes proceeds, products, offspring, or profits of property of the Debtors acquired before the commencement of the case and subject to the asserted security interests of Headway and/or Lin/Pun as set forth in section 552(b) of the Bankruptcy Code.

H. Good and sufficient cause has been shown for the entry of this Interim Order, on an interim basis, with all parties reserving the right to contest at a Final hearing:

a. Debtor KCG MD is a party to a prepetition Business Line of Credit agreement with Headway and certain UCC-1 Financing Statements, and other prepetition loan documents including a Loan Agreement, Note, Security Agreement, and any other related documents (the "Headway Loan Documents").

b. On information and belief, the outstanding principal and interest due to Headway under the Headway Loan Documents was $112,290 on the Petition Date (the "Pre-Petition Headway Obligations").

c. The Pre-Petition Headway Obligations are secured by a security interest in Cash Collateral of Debtor KCG MD as of the Petition Date.

d. Lin/Pun obtained judgment against Debtor Karma and Debtor Wanamaker (the "Lin/Pun Judgment") and an Order Attaching Present and Future Receivables (the "Attachment Order"), dated October 24, 2025, from the Superior Court of the District of Columbia.

e. Lin/Pun assert the Lin/Pun Judgment is secured by Cash Collateral of Debtors Karma and Wanamaker.

f. Debtors KCG MD, Karma, and Wanamaker have an immediate and critical need to use Cash Collateral, on an interim basis, to permit, among

other things, the orderly continuation of the operation of their business, pay employees and contractors and fund expenses of the Chapter 11 Case.

g. Absent the ability to use Cash Collateral, the continued operation of the Debtors' business would not be possible, and immediate and irreparable harm to the Debtors, their employees, contractors, creditors and the estates would be inevitable.

h. The adequate protection provided to Headway and Lin/Pun in this Interim Order for any diminution in value of their interests in the Cash Collateral from and after the Petition Date, is consistent with and authorized by the Bankruptcy Code and is offered by the Debtors to protect such parties' interests in the Cash Collateral in accordance with sections 361, 362, and 363 of the Bankruptcy Code. Nothing in this paragraph shall preclude any party from asserting at a Final Hearing that any other adequate protection is necessary and appropriate in the circumstances.

i. The adequate protection provided herein and other benefits and privileges contained herein (*i*) are necessary in order to protect Headway and Lin/Pun from any diminution in value of their respective interests in the Cash Collateral, (*ii*) are fair and reasonable, (*iii*) reflect the Debtors' prudent exercise of business judgment, and (*iv*) constitute reasonably equivalent value and fair consideration for the use of the Cash Collateral.

I. Nothing herein shall constitute a finding or ruling by this Court that any alleged prepetition lien ("**Prepetition Lien**") is valid, senior, enforceable, prior, perfected or non-avoidable. Moreover, nothing herein shall prejudice the rights of any party-in-interest, including, but not limited to the Debtors, Headway, and Lin/Pun to the extent such party has standing to challenge the validity, priority, enforceability, seniority, avoidability, perfection or extent of any alleged Prepetition Lien and/or security interest.

J. Nothing herein shall constitute a finding or adoption on a Final Basis of any recital set forth above.

K. Sufficient cause exists for immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2) because, absent granting the relief set forth in this Interim Order, the

Debtors' estate will be immediately and irreparably harmed. Permitting the use of Cash Collateral in accordance with this Interim Order is therefore necessary, essential, and appropriate for the management and preservation of the Debtors' estate and is consistent with the Debtors' exercise of their fiduciary duties.

Based upon the foregoing findings and conclusions, the Motion and the record before the Court with respect to the Motion, and after due consideration and good and sufficient cause appearing therefor, it is by the United States Bankruptcy Court for the District of Columbia:

ORDERED, THAT:

1. The Motion is granted, and the use of Cash Collateral on an interim basis is authorized, subject to the terms and conditions set forth in this Interim Order. All objections to this Interim Order to the extent not withdrawn, waived, settled or resolved are hereby denied and overruled except that Parts III, IV, and V of the Objection of Creditors Kimberly Lin and Chi Ming Pun [Doc. No. 17] (concerning an accounting of the Debtors' cash on hand, the Debtors' financial disclosures required under 11 U.S.C. § 1116, and the registration and location of Debtor KCG MD's cash, respectively) were not addressed at the Hearing and are not resolved, denied, or overruled by entry of this Interim Order; Lin/Pun's rights with respect thereto are fully preserved for the Final Hearing. Lin/Pun's consent at the Hearing to interim use of Cash Collateral, and their non-objection to entry of this Interim Order does not constitute agreement with, or a waiver of any objection to, the recitals set forth in Paragraphs A through J above. Nor does anything in this Interim Order constitute Lin/Pun's consent to, agreement with, or waiver of any objection to, the Disclosure of Compensation of Attorney for Debtor [Doc. No. 28].

2. The Debtors are hereby authorized, subject to the terms and conditions of this Interim Order (including compliance with the Approved Budget (subject to the Permitted Variances)) (as

such terms are defined herein) during the period from the Petition Date through and including the Termination Date (as defined herein), to use the Cash Collateral for working capital, payroll, general business purposes, payment of contractors, and administrative costs and expenses of the Debtors incurred in the Chapter 11 Case, including providing a carve-out for approved estate professionals, including, without limitation, Debtors' counsel and the Subchapter V trustee, subject to the terms hereof, provided that Headway and Lin/Pun are granted the adequate protection as hereinafter set forth.

3. In consideration of the foregoing, Headway is hereby granted (effective and perfected upon the date of this Interim Order and without the necessity of the execution of any mortgages, security agreements, pledge agreements, financing statements or other agreements), a replacement lien (the "**Headway Replacement Lien**"), pursuant to Bankruptcy Code § 361(2) on all cash the Debtor KCG MD acquires or generates after the Petition Date, but solely to the extent the Cash Collateral is used. The Headway Replacement Lien shall be to the same extent and priority as existed prior to the Petition Date, and subject to determination by the Court as to whether, pursuant to applicable law, any such creditor holds a fully perfected, valid, and enforceable pre-petition lien on cash. The Headway Replacement Lien will not attach to Bankruptcy Code Chapter 5 causes of action or the proceeds of the recovery upon such actions, and, except for post-petition cash generated from operations, will not attach to any unencumbered property of the Debtors, if any, or to the proceeds from any sale of unencumbered property.

4. In consideration of the foregoing, Lin/Pun are hereby granted a replacement lien (the "**Lin/Pun Replacement Lien**"), pursuant to Bankruptcy Code § 361(2) on all cash the Debtors Karma and Wanamaker acquire or generate after the Petition Date, but solely to the extent and amount the Lin/Pun Judgment is secured and perfected and the Cash Collateral is used. The

Lin/Pun Replacement Lien shall be to the same extent and priority as existed prior to the Petition Date, and subject to determination by the Court as to whether, pursuant to applicable law, any such creditor holds a fully perfected, valid, and enforceable pre-petition lien on cash. Notwithstanding anything to the contrary herein, nothing in this paragraph shall waive or otherwise prejudice Lin/Pun's arguments, rights or claims with respect to the validity, nature, priority or extent of their asserted interest / encumbrance. The Lin/Pun Replacement Lien will not attach to Bankruptcy Code Chapter 5 causes of action or the proceeds of the recovery upon such actions, and, except for post-petition cash generated from operations, will not attach to any unencumbered property of the Debtors, if any, or to the proceeds from any sale of unencumbered property.

5. Nothing in this Interim Order shall be deemed an admission, finding, or stipulation that the Lin/Pun Replacement Lien, or any other protection afforded under this Interim Order, constitutes "adequate protection" within the meaning of 11 U.S.C. §§ 361 and 363(e) for the Debtors' use of cash in which Lin/Pun assert an interest by virtue of the Superior Court's October 24, 2025 and April 15, 2026 attachment orders. Lin/Pun reserve all rights to contest the completeness and accuracy of the Initial Budget and the Debtors' representations regarding their income and operations, including without limitation whether the Budget reflects all revenue generated under the "Karma Construction Group" name or umbrella in any jurisdiction, and neither this Paragraph's reliance on the Debtors' own figures nor anything else in this Interim Order shall be construed as a concession regarding the completeness of the Budget or the scope of the Debtors' operations. Lin/Pun further reserve all rights to seek, at the Final Hearing or by separate motion, identification and tracing of any Cash Collateral derived from District of Columbia receivables attached under the Superior Court's orders. Lin/Pun expressly reserve the right to contest the adequacy of the protection afforded under this Interim Order at the Final Hearing or otherwise,

and neither the entry of this Interim Order nor the Debtors' use of Cash Collateral hereunder shall be construed, by course of conduct or otherwise, to establish that such protection has been, or will be, adequate.

6. The use of Cash Collateral pursuant to this Interim Order shall be consistent with the initial budget attached hereto as Exhibit A (the "Initial Budget") and the Interim Order. The Debtors are authorized to exceed any line item on the Budget by an amount equal to fifteen percent (15%) of each such line item; or (ii) to exceed any line item by more than fifteen percent (15%) so long as the total of all amounts in excess of all line items for the Budget do not exceed fifteen percent (15%) in the aggregate of the total Budget (the "Permitted Variance"). The Debtors are further authorized to carve-out for approved estate professionals including, without limitation, Debtors' counsel and the Subchapter V trustee.

7. The Debtors' authorization to use Cash Collateral under this Interim Order shall automatically terminate (the date of any such termination, the "**Termination Date**") upon the earlier of (1) the entry of a Final Order or (2) ten (10) business days (any such ten day period of time, the "**Default Notice Period**") following the delivery of a written notice (any such notice, a "**Default Notice**") by Headway and/or Lin/Pun to the Debtors, Debtors' counsel, and the U.S. Trustee of the occurrence of any of the events set forth below unless such occurrence is (1) cured by the Debtors prior to the expiration of the Default Notice Period with respect to such clause, (2) waived by Headway and/or Lin/Pun, or (iii) determined by the Court not to have constituted a Termination Event; provided that, during the Default Notice Period, the Debtors shall be entitled to continue to use the Cash Collateral in accordance with the terms of this Interim Order, solely to pay necessary expenses set forth in the Approved Budget to avoid immediate and irreparable harm

to the Debtors' estate. The events set forth in clauses (a) through (h) below are collectively referred to herein as the "**Termination Events**:"

a. The Court shall have entered an order dismissing the Chapter 11 Case, or converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code;

b. The Court shall have entered an order appointing a non-subchapter V chapter 11 trustee or removing any of the Debtors from possession of estate property;

c. This Interim Order ceases to be in full force and effect for any reason or an order shall be entered reversing, amending, supplementing, staying, vacating or otherwise modifying this Interim Order without approval of the Court;

d. An order is entered granting relief from any stay of proceeding (including, without limitation, the automatic stay) so as to allow a third party to proceed with foreclosure (or the granting of a deed in lieu of foreclosure) or other remedy that would have a material adverse effect on Debtor KCG MD or its estate without the written consent of Headway and/or Lin/Pun;

e. The Debtors expend Cash Collateral for purposes not set forth in the Approved Budget or in amounts that exceed the Permitted Variance without the consent of Headway; and

f. The Debtors fail to: (i) comply with any provision of this Interim Order; or (ii) comply with any other covenant or agreement for which compliance is specified in this Interim Order.

8. Upon the occurrence of the Termination Date, (a) the Debtors' authorization to use Cash Collateral hereunder shall automatically terminate immediately without further notice or court proceeding, and Headway and/or Lin/Pun may exercise all of its rights and remedies, including but not limited to the right to seek relief from the automatic stay.

9. In the event of any inconsistency between the provisions of this Interim Order and any other order entered by this Court, the provisions of this Interim Order shall govern unless such other order expressly provides that it controls over this Interim Order. Notwithstanding anything to the contrary in any other order entered by this Court, any payment made pursuant to any authorization contained in any other order entered by this Court shall be consistent with and subject

to the requirements set forth in this Interim Order, including, without limitation, the approved Interim Budget.

10. The provisions of this Interim Order, including all findings herein, shall be binding upon all parties in interest in the Chapter 11 Case, including without limitation Headway, Lin/Pun, and the Debtors and their respective successors and assigns and shall inure to the benefit of Headway, Lin/Pun, and the Debtors and their respective successors and assigns; provided that Headway and/or Lin/Pun shall have no obligation to permit the use of Cash Collateral by, or to extend any financing to, any chapter 7 trustee appointed for the estate of the Debtors.

11. This Interim Order shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052 and shall take effect and be fully enforceable as of the Petition Date immediately upon entry hereof. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9014 of the Bankruptcy Rules or any Local Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Interim Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Interim Order.

12. Section headings used herein are for convenience only and are not to affect the construction of or to be taken into consideration in interpreting this Interim Order.

13. The requirements of Bankruptcy Rules 4001, 6003 and 6004, in each case to the extent applicable, are satisfied by the contents of the Motion.

14. Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect or incidental beneficiary.

15. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order, and this retention of jurisdiction shall survive the confirmation and consummation of any chapter 11 plan for the Debtors notwithstanding the terms or provisions of any such chapter 11 plan or any order confirming any such chapter 11 plan.

16. The Final Hearing on the Motion is scheduled for September 16, 2026 at 10:00 A.M. before this Court.

17. The Debtors shall promptly serve copies of this Interim Order (which shall constitute adequate notice of the Final Hearing) to the parties having been given notice of the First Interim Hearing, to any party that has filed a request for notices with this Court and to the Subchapter V Trustee.

WE ASK FOR THIS:

*/s/ Augustus T. Curtis*
Augustus T. Curtis, Esq. (Bar No. 993228)
Leah C. Freedman, Esq. (Fed Bar. MD21221)
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
Tel: (240) 507-1756 | Fax: (240) 507-1735
Email: augie.curtis@offitkurman.com
leah.freedman@offitkurman.com
*Proposed Attorneys for Debtors*

*SEEN AND NO OBJECTION:*

*/s/ Katharine Toledo*
Katharine Toledo, Esq. (Bar No. 90027591)
United States Department of Justice
Office of the United States Trustee
1725 Duke Street
Alexandria, VA 22314
Tel: 202-603-5203
Email Katharine.I.Toledo@usdoj.gov
*Counsel for the United States Trustee*

*/s/ Angela L. Shortall*
Angela L. Shortall
348 Thompson Creek Mall
Suite 339
Stevensville, MD 21666
Tel: 410-200-3465
Email: ashortall@3cubed-as.com
*Subchapter V Trustee*

*/s/ Thomas A. Mauro*___________________
Thomas A. Mauro, Esq., (Bar No. 184515)
Mauro Law Offices, P.C.
700 Pennsylvania Avenue, S.E., Suite 200
Washington, D.C. 20003
tmauro@tmaurolaw.com
Tel: 202-452-9865
Email: tmauro@tmaurolaw.com
*Counsel for Kimberly Lin and Chi Ming Pun*

CC:

Augustus T. Curtis, Esq.
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814

Katharine Toledo
Office of the United States Trustee
1725 Duke St.
Alexandria, VA 22314

Angela Shortall
Subchapter V Trustee
348 Thompson Creek Mall
Suite 339 Stevensville, MD 21666

Thomas A. Mauro, Esq.
Mauro Law Offices, P.C.
700 Pennsylvania Avenue, S.E.
Suite 200
Washington, D.C. 20003

END OF ORDER

4923-9814-0365, v. 1

United States Bankruptcy Court
District of Columbia

In re:
Wanamaker Group, LLC
Debtor

Case No. 26-00376-ELG
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0090-1 | User: admin | Page 1 of 2
Date Rcvd: Sep 03, 2026 | Form ID: pdf001 | Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 05, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dbpos | + | Wanamaker Group, LLC, 4005 Anacostia Ave NE, Washington, DC 20019-1925 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 05, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 3, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Angela Shortall | ashortall@3cubed-as.com md70@ecfcbis.com |
| Augustus Curtis | on behalf of Debtor In Possession Karma Home Designs LLC augie.curtis@offitkurman.com, mmargulies@offitkurman.com |
| Augustus Curtis | on behalf of Debtor In Possession Wanamaker Group LLC augie.curtis@offitkurman.com, mmargulies@offitkurman.com |
| Augustus Curtis | on behalf of Debtor In Possession KCG MD LLC augie.curtis@offitkurman.com, mmargulies@offitkurman.com |
| Augustus Curtis | on behalf of Debtor In Possession KCG VA LLC augie.curtis@offitkurman.com, mmargulies@offitkurman.com |
| Katharine Toledo | on behalf of U.S. Trustee U. S. Trustee for Region Four katharine.i.toledo@usdoj.gov Robert.W.Ours@usdoj.gov |

| | | |
|---|---|---|
| District/off: 0090-1 | User: admin | Page 2 of 2 |
| Date Rcvd: Sep 03, 2026 | Form ID: pdf001 | Total Noticed: 1 |

| | |
|---|---|
| Leah C. Freedman | on behalf of Debtor In Possession Wanamaker Group LLC leah.freedman@offitkurman.com, leahfreedman7501@gmail.com |
| Steven L. Goldberg | on behalf of Debtor In Possession Wanamaker Group LLC sgoldberg@offitkurman.com |
| Thomas A Mauro | on behalf of Creditor Kimberly Lin tmauro@tmaurolaw.com |
| Thomas A Mauro | on behalf of Creditor Chi Ming Pun tmauro@tmaurolaw.com |
| U. S. Trustee for Region Four | USTPRegion04.DC.ECF@USDOJ.GOV |

TOTAL: 11