Thomas A. Mauro Bar No. 184515
Mauro Law Offices, P.C.
700 Pennsylvania Avenue, S.E., Suite 200
Washington, D.C. 20003
(202) 452-9865
tmauro@tmaurolaw.com
Counsel for Kimberly Lin and Chi Ming Pun


**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re, | : | |
| WANAMAKER GROUP, LLC | : | Case No. 26-00376-ELG |
| KCG MD, LLC | : | Case No. 26-00377-ELG |
| KCG VA, LLC | : | Case No. 26-00378-ELG |
| KARMA HOME DESIGNS, LLC | : | Case No. 26-00379-ELG |
| Debtors. | : | CHAPTER 11 (Subchapter V) |
| | : | Jointly Administered under |
| | : | Case No. 26-00376-ELG |

**REPLY OF CREDITORS KIMBERLY LIN AND CHI MING PUN IN SUPPORT OF THEIR MOTION FOR AN ORDER REQUIRING IDENTIFICATION AND TRACING OF CASH COLLATERAL DERIVED FROM ATTACHED DISTRICT OF COLUMBIA RECEIVABLES**

Creditors Kimberly Lin and Chi Ming Pun ("Movants"), by counsel, reply to the Objection [Doc. No. 80] (the "Objection") filed by Wanamaker Group, LLC, KCG MD, LLC, KCG VA, LLC, and Karma Home Designs, LLC (the "Debtors") to Movants' Motion for an Order Requiring Identification and Tracing of Cash Collateral Derived from Attached District of Columbia Receivables [Doc. No. 55] (the "Motion"), and state:

**1. The Objection substantially narrows the dispute before the Court.**

The Debtors do not oppose identifying and tracing receivables swept, or to be swept, from the Debtors' *pre-petition* accounts as of the Petition Date. Objection ¶ 2. Debtors oppose the identification of District of Columbia receivables generated after the Petition Date. Id.

**2. Section 552(a) does not apply to judicial attachments.**

Debtors concede that Section 552(a) "applies to consensual 'security agreements', and not to judicial attachments." Objection ¶ 4. Having conceded that the one Code section on point does

not apply, the Debtors ask the Court to apply its rule anyway, "consistent with Congress' intent." Id. Section 552(a) reaches only liens arising from security agreements, not judicial or statutory liens. Section 552(a) reaches only liens arising from security agreements, not judicial or statutory liens. *Alliance Capital Mgmt. L.P. v. County of Orange (In re County of Orange)*, 189 B.R. 499, 502 (C.D. Cal. 1995); *United States v. Lincoln Sav. Bank (In re Commercial Millwright Serv. Corp.)*, 245 B.R. 585, 596 (Bankr. N.D. Iowa 1998). Movants' interest arises from judicial attachment orders under D.C. Code § 16-501 et seq., not a security agreement. Section 552(a) does not speak to it, one way or the other.

**3. Withholding and payment are not what the Motion asks for and are not now before the Court.**

Movants ask only that the Debtors identify and record, before any sweep, which deposits derive from District of Columbia receivables. Movants do not dispute that a lien's forward-looking reach under D.C. law does not survive the automatic stay as a vehicle for continued collection after the Petition Date. A wage garnishment, for example, is under D.C. law "a lien and a continuing levy" on wages "due or to become due," D.C. Code § 16-572(1)(A), yet must stop the moment the employee files, because continuing to withhold post-petition wages is itself an ongoing act to collect a pre-petition debt, barred by 11 U.S.C. § 362(a)(6), and to enforce a lien against post-petition earnings, barred by § 362(a)(4)–(5). Movants agree the same stay bars withholding or payment of post-petition District of Columbia receivables absent relief from this Court. But withholding and payment are not what the Motion asks for. It asks only that the Debtors identify and record, before any sweep, which deposits derive from District of Columbia receivables —

Thomas A. Mauro Bar No. 184515
Mauro Law Offices, P.C.
700 Pennsylvania Avenue, S.E., Suite 200
Washington, D.C. 20003
(202) 452-9865
tmauro@tmaurolaw.com
Counsel for Kimberly Lin and Chi Ming Pun


information their own books should already reflect. The Debtors remain free to use every dollar identified, as they already are under the Interim Cash Collateral Order's budget and replacement-lien provisions, which this Motion does not alter. That does not leave Movants without recourse if it later develops that a broader protection was owed: if the replacement lien afforded under that Order proves insufficient to protect Movants' interest — a question reserved, along with the nature of that interest, for the Final Hearing — Movants may assert a claim for the resulting diminution in value under 11 U.S.C. § 507(b), a claim that can only be quantified if the source and amount of the funds at issue is preserved now. *Movants ask only that the Debtors write down where money came from, so that whatever remedy later proves appropriate can actually be measured*.

**4. Preserving the information requested now costs the estate nothing, and losing it forecloses the question for good.**

The Tunnage and Soltys Attachment Orders reach "Outstanding and Future Receivables" from a business the Debtors were already conducting. Whether that scope means Movants held, as of the Petition Date, an interest in receivables not yet billed is a question for the Final Hearing and the claims process, not this Motion; what happens to that interest afterward is governed the same way as a wage lien — enforcement stops, absent relief from this Court. Nothing here waives Movants' right to seek, at the appropriate time, an order continuing their interest in property acquired after the Petition Date — a "rollover lien," of the kind recognized in *Commercial Millwright Serv. Corp.*, *supra* (creditor must obtain a court order to continue a prepetition lien in post-petition property). Movants reserve that request for another day; this Motion asks only that the facts be preserved so the request, if made, is not rendered moot by commingling in the

meantime. Preserving it now costs the estate nothing, and losing it forecloses the question for good. Nor is there a burden to weigh: the Debtors' own Interim Cash Collateral Budget already breaks out projected receipts by job category, including District of Columbia work, at approximately $306,900 per month for August through October 2026. Doc. No. 23-1 at 2 of 3; Motion ¶ 5. Identification asks the Debtors to keep doing, for the record, what their own Budget shows they already do for themselves.

**5. The automatic stay is not implicated.**

Finally, the suggestion that Movants' own Motion might implicate the automatic stay warrants only brief mention, since the Debtors do not actually make that argument. Objection at 2 n.3. A motion filed with this Court, addressed to the very stay the Debtors invoke, is the opposite of the self-help conduct Section 362 exists to prevent. See 11 U.S.C. § 363(e) (authorizing the Court to condition a debtor's use of property "as is necessary to provide adequate protection" of an entity's interest in that property, on that entity's request).

WHEREFORE, Movants respectfully request that the Court overrule the Debtors' Objection, grant the Motion, and enter an order, substantially in the form previously submitted with the Motion, requiring the Debtors to identify and trace, both retroactively to the Petition Date and on a going-forward basis, cash constituting proceeds of District of Columbia accounts receivable attached under the Superior Court's Attachment Orders, before such cash is swept from the Debtors' prepetition accounts into their debtor-in-possession accounts, and granting such other and further relief as is just and proper.

Respectfully submitted,

/s/ Thomas A. Mauro
Thomas A. Mauro, Bar No. 184515
Mauro Law Offices, P.C.
700 Pennsylvania Avenue, S.E., Suite 200
Washington, D.C. 20003
(202) 452-9865; tmauro@tmaurolaw.com
Counsel for Kimberly Lin and Chi Ming Pun

## CERTIFICATE OF SERVICE

I certify that on this 8th day of September, 2026, a copy of the foregoing Reply was served electronically via the Court's CM/ECF system upon all parties receiving electronic notice, including counsel for the Debtors, the Office of the United States Trustee, and the Subchapter V Trustee.

/s/ Thomas A. Mauro
Thomas A. Mauro